UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
UNI-SYSTEMS, LLC,

                Plaintiff,

                                                  **ORDER**
      -against-                            17 CV 147 (KAM) (CLP)

U.S. TENNIS ASSOCIATION, et al.,

                Defendants.
-------------------------------------------------------------X

**POLLAK**, United States Magistrate Judge:

On November 9, 2017, William Liddell of Norton Rose Fulbright moved the Court for admission *pro hac vice* to represent plaintiff Uni-Systems LLC in this matter. (See Liddell PHV Mot., Nov. 9, 2017, ECF No. 167). On the same day, the Court denied Mr. Liddell's motion without prejudice because his submission failed to comply with the Local Rules of the Eastern District of New York and the undersigned's Individual Rules of Practice. (See Electronic Order, Nov. 9, 2017). In denying the motion, the Court referred Mr. Liddell to the appropriate rules, as well as to the Court's September 13, 2017 Order in this case, which addressed repeated failures to comply with the requirements for admission *pro hac vice*. See Uni-Systems v. United States Tennis Ass'n, No. 17 CV 147, 2017 WL 4081904, at *1-3 (E.D.N.Y. Sept. 13, 2017) (ECF No. 114).

On November 16, 2017, the Court received by mail papers from Mr. Liddell dated November 14, 2017, which he submitted "[i]n order to address the issues with [his] original motion." The papers were not filed on the Court's CM/ECF system, and appear not to have been served on the other parties to this litigation.

1

Electronic filing has been mandatory in the Eastern District of New York since 2004. See In re Electronic Case Filing, AO 2004-08 (E.D.N.Y. June 22, 2004). Similarly, the undersigned's Individual Rules of Practice explicitly provide that "all submissions must be made via the Electronic Case Filing ("ECF") System." (Cheryl L. Pollak, Individual Rules of Practice at 1).

Apart from counsel's failure to file electronically, the papers he has submitted in support of his application for admission are still deficient in several respects. Specifically, the venue listed in his affidavit, "Kings County, New York," does not match the location listed below his signature, "Austin, Texas." The affidavit also does not bear the signature or seal of a notary public. See, e.g., Tex. Gov't Code § 406.013(a); N.Y. Exec. Law § 137. Furthermore, the affidavit does not contain the information required by Local Civil Rule 1.3(c) because it does not state: whether Mr. Liddell has ever been convicted of a felony, L. Civ. R. 1.3(c)(1)(a); whether Mr. Liddell has ever been censured, suspended, disbarred, or denied admission or readmission by any court, id. R. 1.3(c)(1)(b); and what the facts and circumstances are relative to any affirmative answers. Id. R. 1.3(c)(1)(d).

In the September 13, 2017 Order, the Court explained that

> Admission *pro hac vice* "is a privilege rather than a right[.]" One important consideration for the Court in determining whether to extend that privilege is whether an attorney provides "some reasonable assurances that [he is] familiar with the Local Rules and this Court's Individual Rules." United States v. International Broth. of Teamsters, Chauffeurs, Warehousemen & Helpers of Am., 911 F. Supp. 743, 754 (S.D.N.Y. 1996). An attorney's failure to follow straightforward rules in seeking admission *pro hac vice* may undermine the Court's confidence that such an attorney will comply with the duties and responsibilities attendant to such admission.

Uni-Sys., LLC v. U.S. Tennis Ass'n, 2017 WL 4081904, at *2. Mr. Liddell's inability to follow the rules of the Court in the simple matter of seeking admission *pro hac vice* raises concerns

2

about his ability to follow other, more complicated rules, and also suggests that the lawyers from his firm who have already appeared before this Court may not provide adequate supervision to ensure such compliance.

For the reasons explained above, Mr. Liddell's motion for admission *pro hac vice* is once again denied without prejudice. Mr. Liddell may submit a corrected motion that complies in every way with the rules governing *pro hac vice* admission and the conduct of litigation in this Court. Should he be unable to file a compliant application on his third attempt, Mr. Liddell will be denied admission *pro hac vice* with prejudice.

The Clerk is directed to send copies of this Memorandum and Order to the parties either electronically through the Electronic Case Filing (ECF) system or by mail.

**SO ORDERED.**

Dated: Brooklyn, New York
November 17, 2017

/S/ Cheryl Pollak
Cheryl L. Pollak
United States Magistrate Judge
Eastern District of New York

3