UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------- x
UNI-SYSTEMS, LLC.,

                        Plaintiff,                                 **ORDER**
                                                               17 CV 147 (KAM) (CLP)

      -against-

UNITED STATES TENNIS
ASSOCIATION, INC., ROSSETTI INC.,
HUNT CONSTRUCTION GROUP, INC.,
HARDESTY & HANOVER, LLC,
HARDESTY & HANOVER, LLP,
MORGAN ENGINEERING SYSTEMS,
INC., and GEIGER ENGINEERS, P.C.,

                        Defendants.

-------------------------------------------------------------- x

**POLLAK**, United States Magistrate Judge:

       On January 11, 2019, plaintiff Uni-Systems, LLC ("Uni-Systems" or "plaintiff") filed this action against the United States Tennis Association, Inc. ("USTA"), Rossetti, Inc. ("Rossetti"), Hunt Construction Group, Inc. ("Hunt"), Hardesty & Hanover LLC and Hardesty & Hanover LLP (collectively, "Hardesty"), Morgan Engineering Systems, Inc. ("Morgan"), and Geiger Engineers, P.C. ("Geiger") (collectively, "defendants"), asserting a variety of patent infringement claims against all defendants, as well as trade secret claims and an unfair competition claim against Hardesty and Hunt (the "Trade Secret Defendants"), all flowing from defendants' involvement in the construction and maintenance of certain retractable stadium roofs.

       There are currently two motions to seal pending before this Court. The instant Order deals with the request to seal Hunt's Answer, Affirmative Defenses, and Counterclaims to plaintiff's Second Amended Complaint and associated documents, and also addresses USTA's

request to seal its Answer, Affirmative Defenses, and Counterclaims to plaintiff's Second Amended Complaint and associated documents.

### A. Hunt's Answer and Associated Documents

The first motion to seal was filed by defendant Hunt on January 25, 2019 in connection with plaintiff's December 28, 2018 Second Amended Complaint. In addition to seeking to seal its Answer, Hunt also seeks to seal eleven exhibits to its Answer, Exhibits A through H. (Hunt 1/25/19 Mot.[1] at 1-2). Exhibit A is a document from Uni-Systems to Hunt, dated June 17, 2003, discussing the design of the proposed retractable roof. (Hunt 1/25/19 Ans.,[2] Ex. A). Exhibit B consists of two documents from Uni-Systems to Hunt, including a revised sum proposal and a copy of the scope definition for the Cardinals' facility, dated June 16, 2003. (Id., Ex. B). Exhibit C is a subcontract agreement between Hunt and Uni-Systems, dated January 14, 2005. (Id., Ex. C). Exhibit D is an interim subcontract agreement between Hunt and Uni-Systems, dated September 3, 2003. (Id., Ex. D). Exhibit E is a subcontract agreement between Hunt and Morgan Kinetic Structures Inc., dated March 20, 2014. (Id., Ex. E). Exhibit F is a letter from Hunt to Rossetti demanding that Rossetti indemnify and hold Hunt harmless against claims made by Uni-Systems, dated May 31, 2016. (Id., Ex. F). Exhibit G is a letter from Hunt to Morgan demanding that Morgan indemnify and hold Hunt harmless against claims made by Uni-Systems, dated May 31, 2016. (Id., Ex. G). Exhibit H is a Professional Services Agreement between Hunt and Rossetti, dated March 19, 2014. (Id., Ex. H). Hunt's Answer to plaintiff's

---

[1] Citations to "Hunt 1/25/19 Mot." refer to defendant Hunt's Motion to file under seal, filed January 25, 2019, ECF No. 335.

[2] Citations to "Hunt 1/25/19 Ans." refer to defendant Hunt's Answer, filed January 25, 2019, ECF No. 335-1.

First Amended Complaint did not contain any exhibits, and defendant Hunt did not file a motion to file any component of its previous Answer under seal. (See Hunt 11/08/18 Ans.[3]).

All of the exhibits Hunt seeks to file under seal are cited in Hunt's January 25, 2019 Answer. (Hunt 1/25/19 Ans. at 21-22, 31-38, 50-51, 54). Defendant notes that while it disagrees with the designation of the documents as confidential, it seeks to file all documents under seal because plaintiff Uni-Systems has designated all of these documents "Highly Confidential" and that such documents should be filed under seal per the parties' stipulated protective order. (Hunt 1/25/19 Mot. at 2). Neither Hunt nor Uni-Systems has provided any additional justification for the documents to be filed under seal. (Id.)

### B. USTA's Answer and Associated Documents

The second motion to seal was filed by defendant USTA on January 25, 2019 in connection with plaintiff's December 28, 2018 Second Amended Complaint. Defendant USTA seeks to file under seal its Answer as well as Exhibits A through D to its Answer. (USTA 1/25/19 Mot.[4] at 1-2). Exhibits A through D are the same as Exhibits A through D to Hunt's Answer. (See USTA 1/25/19 Ans.[5] Exs. A-D). USTA's previously filed Answers did not contain any exhibits and USTA did not file a motion to file the previous Answers under seal. (USTA 3/20/17 Ans.;[6] USTA 11/08/18 Ans.[7]).

---

[3] Citations to "Hunt 11/08/18 Ans." refer to defendant Hunt's Answer, filed November 8, 2018, ECF No. 281.

[4] Citations to "USTA 1/25/19 Mot." refer to defendant USTA's Motion to file under seal, filed January 25, 2019, ECF No. 336.

[5] Citations to "USTA 1/25/19 Ans." refer to defendant USTA's Answer, filed January 25, 2019, ECF No. 336-1.

[6] Citations to "USTA 3/20/17 Ans." refer to defendant USTA's Answer, filed March 20, 2017, ECF No. 60.

[7] Citations to "USTA 11/08/18 Ans." refer to defendant USTA's Answer, filed November 8, 2018, ECF No. 279.

All the exhibits USTA seeks to file under seal are cited in its January 25, 2019 Answer. (USTA 1/25/19 Mot. at 27-36).  USTA does not contest the "Highly Confidential" designation given to these documents by plaintiff Uni-Systems and seeks to file all documents under seal per the parties' stipulated protective order.  (Id. at 2).  Neither USTA nor Uni-Systems has provided any other justification for the documents to be filed under seal.  (Id.)

DISCUSSION

This Court has previously observed that "although it is true that a protective order may provide guidance to the parties regarding what documents it might be appropriate to seal and how such documents should be presented to the Court, the decision to allow documents to be filed under seal in connection with motions and court proceedings is a wholly separate inquiry governed by a different standard than whether to maintain documents disclosed in discovery in confidence."  Johnson v. Federal Bureau of Prisons, No. 16 CV 3919, 2017 WL 5197143, at *3 (E.D.N.Y. Nov. 9, 2017).

If the Court determines the documents at issue are judicial documents, a common law right of public access attaches, which may only be overcome upon the showing of good cause. Lugosch v. Pyramid Co. of Onondaga, 435 F. 3d 110, 119 (2d Cir. 2006).  A judicial document "'must be relevant to the performance of the judicial function and useful in the judicial process.'" Id. (citing United States v. Amodeo, 44 F. 3d 141, 145 (2d Cir. 1995)).  Courts in this circuit have frequently found documents filed in support of discovery motions to be judicial documents. See Giuffre v. Maxwell, 325 F. Supp. 3d 428, 443 (S.D.N.Y. 2018); Alexander Interactive, Inc. v. Adorama, Inc., No. 12 CV 6608, 2014 WL 4346174 (S.D.N.Y. Sept. 2, 2014); see also In re Omnicom Group, Inc. Securities Litigation, No. 02 CV 4483, 2006 WL 3016311 (S.D.N.Y. Oct.

23, 2016) (finding the public-access presumption applies to discovery motion papers and denying a request to seal discovery motions).

In "determining whether good cause has been shown, courts must weigh the private interests advanced against the public interest in judicial documents." Cumberland Packing Corp. v. Monsanto Co., 184 F.R.D. 504, 505 (E.D.N.Y. 1999).  The public interest "is based on the citizenry's right 'to keep a watchful eye' on the workings of federal courts and the federal courts' need for public accountability."  Id. (citing Nixon v. Warner Communications, Inc., 435 U.S. 589, 597-98 (1978)).

In contrast to judicial documents, "[d]ocuments that play no role in the performance of Article III functions . . . lie entirely beyond the presumption's reach . . . and stand on a different footing than a motion filed by a party seeking action by the court or . . . any other document which is presented to the court to invoke its powers or affect its decisions." United States v. Amodeo ("Amodeo II"), 71 F.3d 1044, 1050 (2d Cir. 1995) (emphasis added) (citations and quotation marks omitted).

In the instant case, two defendants each seek to file their Answers under seal.  The Complaint is a pleading, and Answers that either confirm or deny allegations made in the Complaint are responsive pleadings.  Pleadings are judicial documents which are subject to a strong presumption of public access.  Bernstein v. Bernstein Litowitz Berger & Grossmann LLP, 814 F.3d 132, 140 (2d Cir. 2016) (stating that "pleadings plainly meet the [judiciary document] test for reasons that are readily apparent").  The requests to file the parties' Answers under seal are therefore denied.  To the extent that any of the parties believe any specific section of the Answers contains trade secrets or confidential business information, such as the figures on page 37 of Hunt's Answer and the figure on page 31 of USTA's Answer, the parties may jointly agree

to redact such information before filing the Answers on the public docket.  (See Hunt 1/25/19 Ans. ¶ 28; USTA 1/25/19 Ans. ¶ 27).  The parties are directed to thereafter file the Answers on the public docket.

Hunt and USTA also seek to file certain exhibits to their Answers under seal.  Neither these defendants nor plaintiff Uni-Systems has provided any justification for why these exhibits should be filed under seal beyond the fact that Uni-Systems has marked these exhibits as "Highly Confidential" per the parties' stipulated protective order.  While the parties' reliance on an existing protective order alone is insufficient for this Court to grant the motion, the Court has reviewed the documents and considered whether any of the exhibits may properly be categorized as trade secrets or sensitive business documents that would justify filing them under seal.

All of the documents produced by the parties during discovery are subject to a protective order, prohibiting the parties from disclosing information designated confidential.  (9/28/17 Order[8]).  Federal Rule of Civil Procedure 26(c) provides the Court with discretion to decide when a protective order is necessary and the ability to determine what degree of protection is required.  "Rule 26(c)(1)(G) directs that, upon good cause, a court may issue a protective order requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way.  Internal documents and unpublished drafts that contain non-public strategies and financial information constitute 'confidential commercial information' under Federal Rule 26(c)(1)(G)."  Tropical Sails Corp. v. Yext, Inc., No. 14 CV 7582, 2016 WL 1451548, at *4 (S.D.N.Y. Apr. 12, 2016) (internal citations and quotations omitted).

---

[8] Citations to "9/28/17 Order" refer to the Protective Order Ordered by this Court on September 28, 2017, ECF No. 122.

"Courts have routinely applied the six factors set forth in the Restatement (First) of Torts § 757, comment b, when determining the existence of a trade secret:

> (1) the extent to which the information is known outside of [the] business; (2) the extent to which it is known by employees and others involved in [the] business; (3) the extent of measures taken by [the business] to guard the secrecy of the information; (4) the value of the information to [the business] and [its] competitors; (5) the amount of effort or money expended by [the business] in developing the information; (6) the ease or difficulty with which the information could be properly acquired or duplicated by others."

In re Parmalat Securities Litigation, 258 F.R.D. 236, 245 (S.D.N.Y. 2009) (citing United States v. Int'l Bus. Machs. Corp., 67 F.R.D. 40, 46 (S.D.N.Y. 1975)); see also Speedry Chem. Prods., Inc. v. Carter's Ink Co., 306 F.2d 328 (2d Cir. 1962); Tactica Int'l, Inc. v. Atlantic Horizon Int'l, Inc., 154 F. Supp. 2d 586, 606 (S.D.N.Y. 2001); 907 F. Supp. 547, 556 (E.D.N.Y. 1995); Deford v. Schmid Prods. Co., 120 F.R.D. 648, 653 (D. Md. 1987); Waelde v. Merck, Sharp & Dohme, 94 F.R.D. 27, 28–29 (E.D. Mich. 1981); Monaco v. Miracle Adhesives Corp., No. 76 CV 2373, 1979 WL 200011, at *1 (E.D. Pa. Aug. 21, 1979); Ashland Mgmt. Inc. v. Janien, 82 N.Y.2d 395, 407, 624 N.E.2d 1007, 1013, 604 N.Y.S.2d 912, 918 (1993); 1 Milgrim on Trade Secrets § 1.01 (Lexis 2019) (collecting cases for nearly every state).

Applying the standard set forth above, courts "grant confidential treatment under circumstances where trade secrets and material that would place a party at a competitive disadvantage are being used in public filings." New York v. Actavis, No. 14 CV 7473, 2014 WL 5353774, at *3 (S.D.N.Y. Oct. 21, 2014). "Notwithstanding the presumption of public access to judicial records, courts may deny access to records that are 'sources of business information that might harm a litigant's competitive standing.'" In re Parmalat Sec. Litig., 258 F.R.D. at 244 (internal citations omitted). Business information need not be a trade secret in order to warrant protection from disclosure under a protective order; however, trade secret law is instructive in

7

gauging whether information constitutes sensitive business information.  Id.; see also Kewanee Oil Co. v. Bicron Corp., 416 U.S. 470, 475, 94 S. Ct. 1879, 40 L. Ed. 2d 315 (1974) (noting that the information in question "must be secret, and must not be of public knowledge or of a general knowledge in the trade or business"); Speedry Chem. Prods., Inc. v. Carter's Ink Co., 306 F.2d at 331 (noting the information must not be "of general knowledge in an industry").

The Court has reviewed the parties' filings, and for the reasons set forth below, the Court grants Hunt's motion to seal Exhibits A, B, C, D, and H.  Upon review, the Court finds that Exhibits A, B, C, D, and H are found to contain trade secrets.  As such, the parties have demonstrated sufficient good cause to maintain the confidentiality of the information, outweighing the public's presumptive right of access.

Exhibit A contains detailed drawings and written descriptions of designs which could offer unfair economic advantage if provided to competitors.  (Hunt 1/25/19 Ans., Ex. A). Exhibit A was designated "Highly Confidential" by plaintiff, showing reasonable efforts to maintain its secrecy.  (Id.)  For these reasons, Exhibit A falls within the scope of protected trade secrets, providing sufficient good cause to maintain the confidentiality of the information, outweighing the public's presumptive right of access.

Exhibit B contains pricing information, the project description, design criteria, and operating parameters used to come up with pricing assumptions, and supplier lists.  (Id., Ex. B). This information could offer unfair economic advantage if provided to competitors.  Exhibit B was designated "Highly Confidential" by plaintiff, showing reasonable efforts to maintain its secrecy.  (Id., Ex. B).  For these reasons, Exhibit B falls within the scope of protected trade secrets, providing sufficient good cause to maintain the confidentiality of the information, outweighing the public's presumptive right of access.

8

Exhibit C contains: (1) a subcontract issued on the condition of confidentiality and contains information related to pricing, (2) a scope of work containing details relating to the design, and (3) documents breaking down the costs of mechanizing the Cardinals' roof. The Court has previously ruled that the subcontract agreement between Uni-Systems and Hunt shall be filed under seal. (See 11/03/17 Order[9]). Much of the information contained in these documents relates to design, manufacturing and supplying processes, and pricing, all of which fall within the scope of trade secrets. (Hunt 1/25/19 Ans., Ex. C). Additionally, all of these documents were designated "Highly Confidential" by plaintiff, showing reasonable efforts to maintain their secrecy. For these reasons, Exhibit C falls within the scope of protected trade secrets, providing sufficient good cause to maintain the confidentiality of the information, outweighing the public's presumptive right of access.

Exhibit D contains pricing information and supplier lists, which fall under the scope of trade secrets. Additionally, the documents in Exhibit D were labeled as "confidential" by plaintiff and so are the subject of a reasonable effort to maintain secrecy. For these reasons, Exhibit D falls within the scope of protected trade secrets, providing sufficient good cause to maintain the confidentiality of the information, outweighing the public's presumptive right of access, and pursuant to the Federal Rules of Civil Procedure Rule 26(c) may be filed under seal.

Exhibit H contains pricing information, which falls under the scope of trade secrets. Additionally, the documents in Exhibit H were labeled as "confidential" by defendant Hunt and so are the subject of a reasonable effort to maintain secrecy. For these reasons, Exhibit H falls within the scope of protected trade secrets, providing sufficient good cause to maintain the

---

[9] Citations to "11/03/17 Order" refers to the Court's Order granting defendant Hunt's Motion to file under seal, filed November 3, 2017, ECF No. 166.

confidentiality of the information, outweighing the public's presumptive right of access, and pursuant to the Federal Rules of Civil Procedure Rule 26(c) may be filed under seal.  Thus, the Court grants Hunt's motion to seal Exhibits A, B, C, D, and H.  The Court further grants USTA's motion to seal Exhibits A, B, C, and D.

Hunt's motion to seal Exhibits E, F, and G is denied.  The Court is unable to discern any interests that would outweigh the public's presumptive right of access to Exhibits E, F, and G.  To the extent that the parties believe any specific section of the Exhibits for which sealing is denied contain references to such things as pricing information or other internal business communications, the parties are directed to meet and confer and agree as to which information may be redacted before the exhibit is filed on the public docket.  The parties are directed to thereafter file the Exhibits on the public docket.

The Clerk is directed to send copies of this Order to the parties either electronically through the Electronic Case Filing (ECF) system or by mail.

**SO ORDERED.**

Dated: Brooklyn, New York
August 8, 2019

/s/ Cheryl L. Pollak
Cheryl L. Pollak
United States Magistrate Judge
Eastern District of New York